Rockingham, }
June 7, 1938. }

ALBERT H. BROWN & a.

*v.*

ARTHUR L. CHURCHILL.

*John Scammon* and *George R. Scammon* (*Mr. George R. Scammon* orally), for the plaintiffs.

*Arthur L. Churchill, pro se,* and *Arthur E. Sewall* and *Thomas L. Cleaton* (*Mr. Churchill* and *Mr. Cleaton* orally), for the defendant.

*Per Curiam.* The defendant's reliance upon the statute of frauds, (P. L., *c.* 327 *s.* 2), is misplaced. The reason for this is that there is no evidence that the defendant promised to pay the debt of any other person. There is no evidence of any promise on the part of the decedent's surviving relatives to pay for the funeral nor

is there any evidence that before her death the decedent made arrangements for or agreed to pay the cost of her own funeral. The only evidence is that all such arrangements were made after the death of the decedent.

The master has found, and the sufficiency of the evidence to support his findings was not challenged at the trial and so cannot be challenged here (*Bacon* v. *Thompson*, 87 N. H. 270, 271, and cases cited), that the defendant agreed to pay for the funeral as trustee and that the terms of his trust did not permit him to do so. This agreement to pay was an original undertaking by the defendant, (*Janvrin* v. *Powers*, 79 N. H. 44), which obligates him personally in spite of the fact that he assumed the obligation in his fiduciary capacity. *Hardy* v. *Bank*, 61 N. H. 34, 39 and cases cited; Am. Law Inst., Restatement, Trusts, *s*. 201 Comment *a*.

The case of *Jones Brewing Co.* v. *Flaherty*, 80 N. H. 571 is distinguishable from the case at bar. In that case there was evidence from which it could be found that the defendant in making the agreement had excluded his personal liability. There is no such evidence in the instant case. See Am. Law Inst., Restatement, Trusts, *ss*. 261, 262, 263, *Subsection* (1) *Comment a*.

*Judgment for the plaintiffs.*